J-A09032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA JAMES STUMP, | |
| Appellant | No. 1405 MDA 2015 |

Appeal from the Judgment of Sentence March 31, 2015
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0001012-2013

BEFORE: FORD ELLIOTT, P.J.E., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                              **FILED JUNE 02, 2016**

Appellant, Joshua James Stump, appeals from the judgment of sentence imposed following his bench trial conviction of endangering the welfare of a child, corruption of minors and three counts of indecent assault. Appellant challenges the weight of the evidence. We affirm.

We derive the facts of the case from the trial court's opinion of July 15, 2015, denying Appellant's post-sentence motions, the court's Rule 1925(a) opinion of October 2, 2015, and our independent review of the record.

Appellant's conviction stems from a course of conduct with his daughter, when she was between the ages of about eleven to thirteen. P.N., the Victim, testified that at the time she was spending alternate weeks in the

---

[*] Retired Senior Judge assigned to the Superior Court.

custody of her father. After Appellant's new wife left him, he began making advances on his daughter, P.N., while they were watching TV or when she was asleep. He tried to fondle her breasts, and he pressed his penis against her buttocks. Shortly afterward, the Victim severely broke her leg in a soccer accident. The fracture required her to be in a cast for several months, and after that, a boot. She stopped visiting her Father's house, and her Mother (C.N.) eventually obtained full custody.

There was some delay in reporting the sexual assaults. Eventually, however, P.N. confided in her best friend, who urged her to tell her Mother. C.N., P.N.'s Mother, told the Pennsylvania State Police, and Trooper Nathan Trate began an investigation.

Notably, P.N.'s younger half-sister, A.S., soon made similar allegations against Appellant.[1] However, at trial, A.S. essentially recanted her charges. She told her caseworker she had "lied" or "fibbed" because she thought that was what her mother wanted her to say. (N.T. Trial, 10/13/14, at 51, 151). She later changed course again and insisted that "something happened" to her as well as P.N. (*Id.* at 58). The trial court acquitted Appellant of all charges involving A.S. (*See id.* at 169-70).

_____

[1] Appellant was the father of both girls, by different mothers. The trial court identifies A.S. as Mother's [C.N.'s] "other daughter." (Trial Court Opinion, 10/02/15, at 4). However, this appears to be a misreading of the testimony. K.S. testified that A.S. was **her** daughter, and she reported sexual abuse by Appellant. (*See* N.T. Trial, 10/13/14, at 88, 90; *see also id.* at 67) (C.N. confirming that K.S. is the mother of A.S.).

Also at trial, defense counsel pointed out some discrepancies between P.N.'s original oral version of her complaint and the later written version. Counsel further sought to suggest, by questioning, that P.N.'s charges arose out of resentment because her father stopped visiting her after only one or two hospital visits following the soccer accident.[2]

The trial court convicted Appellant of the charges previously noted, and, as also noted, acquitted Appellant of all charges involving A.S. The court specifically emphasized that it found P.N. credible. (**See** Trial Court Opinion 7/15/15, at 10; Trial Ct. Op. 10/02/15, at 7). The court adopted Trooper Trate's assessment of the discrepancies in P.N.'s statements as "slight." (Trial Ct. Op, 10/02/15, at 9). On March 31, 2015, the court sentenced Appellant to an aggregate term of incarceration in a state correctional institution of not less than one year nor more than two years, to be followed by five years of probation. (**See** N.T. Sentencing, 3/31/15, at 31-32).

On April 9, 2015, Appellant filed consolidated post-sentence motions challenging the weight and the sufficiency of the evidence, which the court

_____

[2] Appellant exercised his constitutional right not to testify at trial. Prior to trial, in an interview with Trooper Trate, he denied all charges. (**See** N.T. Trial, 10/13/14, at 119).

denied on July 15, 2015, with an accompanying opinion.  This timely appeal followed.[3]

Appellant presents one question for our review:

> Were the trial court's guilty verdicts based upon conclusions which are contrary to the record, and therefore against the weight of the evidence?

(Appellant's Brief, at 3).[4]

Notably, Appellant does not challenge the credibility determinations of the trial court.  (**See id.** at 5, 9) ("Appellant is not asking the Superior Court to second guess Judge Charles' credibility determinations.");(**see also id.** at 9).

Instead, he argues that the trial court improperly concluded that P.N. wanted to limit contact with her Father (by not spending alternate weeks with him any more) and that he took steps to limit his contact with her. (**See id.** at 5).  Appellant maintains that these two conclusions were unsupported by the record, making the verdict against the weight of the evidence.  He also maintains there was an absence of corroborating physical evidence. (**See id.** at 9).

---

[3] Appellant filed a timely concise statement of errors on August 31, 2015. **See** Pa.R.A.P. 1925(b).  The court filed an opinion on October 2, 2015. **See** Pa.R.A.P. 1925(a).

[4] On appeal, Appellant has abandoned his challenge to the sufficiency of the evidence. (**See** Appellant's Brief, at 4).

Appellant asserts that "the [c]ourt's guilty verdicts were premised on conclusions which were unsupported by and contrary to the testimony." (***Id.*** at 10). We disagree.

Our standard of review for a weight claim is well-settled and our scope of review is exceptionally narrow:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751–52 (2000); ***Commonwealth v. Brown***, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. ***Widmer***, 560 Pa. at 319–20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.' " ***Id.*** at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Brown***, 538 Pa. at 435, 648 A.2d at 1189.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> > Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. *Brown*,** 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for

granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. **Widmer**, 560 Pa. at 321–22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

**Widmer**, 560 Pa. at 322, 744 A.2d at 753 (quoting **Coker v. S.M. Flickinger Co.**, 533 Pa. 441, 447, 625 A.2d 1181, 1184–85 (1993)).

**Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013). Similarly,

[s]o long as that evidence is legally sufficient, the trial court may grant a new trial based on evidentiary weight only in the most limited of circumstances:

The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.

As an appellate court, our standard of review is more attenuated still, as we may adjudge only the trial court's exercise of discretion in entertaining the defendant's challenge:

When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

**Commonwealth v. Stays**, 70 A.3d 1256, 1267-68 (Pa. Super. 2013) (citations omitted).

Here, on review, we discern no basis on which to disturb the determination of the trial court. Appellant fails to demonstrate that the law was misapplied, or that the trial court's denial was a result of partiality, prejudice, bias or ill-will. **See Clay**, **supra** at 1055. Instead, Appellant focuses on two issues: first, the reason for P.N.'s change of heart about visiting her Father, and second, Father's perceived limitation of contact with his daughter. (**See** Appellant's Brief, at 5-9).

Appellant argues that the alteration of P.N.'s visitation schedule was actually caused by logistical problems arising out of the cast for her broken leg. (**See id.** at 7). He also asserts that P.N.'s Mother (C.N.), not he, caused the reduction in his visitation time with his daughter by her

successful petition for full custody. "[T]he lack of contact . . . was in spite of, and not due to Appellant's efforts." (**Id.** at 9).

However, Appellant's offer of substitute reasons for those given by the trial court misapprehends the nature of our review.

> We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

**Stays**, **supra** at 1268 (citation omitted).

In this case, we discern no abuse of discretion. It bears noting that neither of the two issues addressed by Appellant focuses directly on guilt or innocence. Rather, they affect, at most, P.N.'s motive for discontinuing week-long visits with her Father, and, possibly, evidence of Appellant's consciousness of guilt. Even if we were to assume for the sake of argument that the trial court assessed these facts incorrectly, they neither prove nor disprove the underlying crimes. As such, at worst they amount to no more than an "error of judgment," not enough under our standard of review to establish abuse of discretion. **Clay**, **supra** at 1055. Appellant fails to demonstrate that they make the underlying judgment "manifestly unreasonable." **Id.**

Additionally, Appellant's cited authority does not support his argument. Appellant cites **Commonwealth v. Coyle**, 154 A.2d 412 (Pa. Super. 1959), for the proposition that "a reviewing court may grant a new trial on weight

of the evidence grounds where it concludes that the fact finder has ignored uncontradicted evidence that was offered by an unimpeached witness." (Appellant's Brief, at 3). However, the case is readily distinguishable. In **Coyle**, the jury ignored uncontradicted testimony from a noted pathologist that three different blood groupings for a mother, a child, and the putative father made it biologically impossible for the defendant to be a possible father of the child.[5] **See Coyle**, **supra** at 416. The facts here are not analogous.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2016

---

[5] Specifically, the pathologist testified without dispute that in two separate tests the defendant was in blood group 'O', the mother was in blood group 'A', and the child was in blood group 'B', excluding paternity by the defendant as "biologically impossible." **Coyle**, **supra** at 413.